**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Mark Kratter,<br><br>            Plaintiff,<br><br>      v.<br><br>Spotify USA Inc.,<br><br>            Defendant. | Case No: 26-1055 |

**NOTICE OF REMOVAL TO FEDERAL COURT**

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Spotify USA Inc. ("Spotify") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332(a), 1441 and 1446, and hereby removes this action from the Connecticut Superior Court, Judicial District of Stamford, to the United States District Court for the District of Connecticut. This removal is based on this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.

In accordance with 28 U.S.C. § 1446(a), which requires a "short and plain statement of the grounds for removal," Spotify states as follows:

**I.     STATE COURT ACTION**

1.      By Summons and Complaint, Plaintiff Mark Kratter ("Plaintiff") commenced a civil action against Spotify in Connecticut Superior Court captioned *Mark Kratter v. Spotify USA Inc.*, No. FST-CV26-6081436-S. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit A**. A true and correct copy of the affidavit of purported service is included with **Exhibit A**.[1]

---

[1]     Plaintiff purported to serve the Summons and Complaint on June 1, 2026, but delivered the Summons and Complaint to Corporation Service Company, a registered agent with whom Spotify

1

2.    On June 17, 2026, Plaintiff served the Amended Summons and Complaint on Spotify's registered agent, National Registered Agents, Inc. A true and correct copy of the Amended Summons is attached hereto as **Exhibit B**. A true and correct copy of the affidavit of service is included with **Exhibit B**.

3.    On June 26, 2026, Plaintiff filed a First Amended Complaint ("Amended Complaint"). A true and correct copy of the Amended Complaint is attached hereto as **Exhibit D**. A true and correct copy of the affidavit of service is included with **Exhibit D**.[2]

4.    On June 26, 2026, Plaintiff also filed a Motion for Temporary Injunction and a Motion for Expedited Discovery. True and correct copies of the Motion for Temporary Injunction and the Motion for Expedited Discovery are attached hereto as **Exhibit E** and **Exhibit F**, respectively.

5.    Attached hereto as **Exhibit G** is a true and correct copy of the Notice to Superior Court of Filing of Notice of Removal, the original of which is being filed with the Connecticut Superior Court, Judicial District of Stamford, in accordance with 28 U.S.C. § 1446(d).

6.    A true and correct copy of the docket sheet from the Connecticut Superior Court, Judicial District of Stamford, is attached as **Exhibit H**.

7.    Pursuant to 28 U.S.C. § 1446(a), the Summons, Complaint, Amended Summons, Amended Complaint, Motion for Temporary Injunction, and Motion for Expedited Discovery constitute all process, pleadings, and orders filed in this action to date.

---

is not registered, and which therefore lacks authority to accept service on Spotify's behalf. *See* **Exhibit C** (specifying National Registered Agents, Inc. as Spotify's registered agent for service of process in Delaware). Plaintiff's attempted service on that date was ineffective and invalid.

[2]    Plaintiff purported to serve the Amended Complaint, Motion for Temporary Injunction, and Motion for Expedited Discovery by mail on June 29, 2026. Spotify reserves the right to contest the validity of service.

## II.    TIMELINESS OF NOTICE OF REMOVAL

8.    This Notice of Removal is being filed within 30 days of the date on which Plaintiff served Spotify with a copy of the Complaint in the Superior Court Action. 28 U.S.C. § 1446(b).

9.    Spotify was served with notice of this action on June 17, 2026, when its registered agent for service of process received a copy of the Amended Summons and Complaint. *See* ¶ 2 *supra*. The 30th day after June 17, 2026 is July 17, 2026. The deadline to remove this action is therefore July 17, 2026. Spotify's removal of this action today, July 1, 2026, is therefore timely under 28 U.S.C. § 1446(b).

10.    By filing this Notice of Removal, Spotify does not waive any defenses that may be available to it.

## III.    GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

11.    As detailed below, this action meets both the complete diversity of citizenship and amount-in-controversy requirements under 28 U.S.C. § 1332. Removal of this action is therefore appropriate under 28 U.S.C. §§ 1332 and 1441(b).

### A.    Diversity of Citizenship

12.    To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

13.    <u>Citizenship of Plaintiff</u>. Citizenship of a natural person like Plaintiff is established by domicile. *See* 28 U.S.C. § 1332(a)(1). For diversity purposes, a court determines an individual's domicile by examining the individual's "residence in a state" and "intent to remain there." *Windward Bora LLC v. Browne*, 110 F.4th 120, 124 n.5 (2d Cir. 2024). "The place where a

[person] lives is properly taken to be [the] domicile until facts adduced establish the contrary." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). Plaintiff states in the Amended Complaint that he is a resident of Norwalk, Connecticut. Am. Compl. ¶ 5. Plaintiff is therefore domiciled in and a citizen of Connecticut.

14.    Citizenship of Defendant. For diversity purposes, "a corporation [like Spotify] shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(l). Spotify is incorporated in Delaware and has its principal place of business in New York, New York. Am. Compl. ¶ 6. Spotify is therefore a citizen of Delaware and New York.

15.    Complete diversity of citizenship exists in this action because Plaintiff is not a citizen of either State of which Spotify is a citizen.

## B.    Amount in Controversy

16.    Diversity jurisdiction also requires that the amount in controversy "exceed the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

17.    Where, as here, the initial pleading seeks a money judgment but does not demand a specific sum, "the notice of removal may assert the amount in controversy," 28 U.S.C. 1446(c)(2)(A), and a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Sec. Plans, Inc. v. CUNA Mut. Ins. Soc.*, 769 F.3d 807, 814 n.5 (2d Cir. 2014).

18.    Although Spotify disputes all of Plaintiff's allegations and denies that it is liable to

4

Plaintiff for any relief whatsoever, there is a reasonable probability that the relief sought by Plaintiff exceeds the $75,000 amount-in-controversy threshold, exclusive of interest and costs.

19.    Plaintiff asserts a total of five claims: (1) violation of the Connecticut Unfair Trade Practices Act ("CUTPA"); (2) unjust enrichment; (3) declaratory judgment; (4) breach of contract; and (5) breach of the implied covenant of good faith and fair dealing. Am. Compl. ¶¶ 38-59.

20.    Plaintiff seeks multiple forms of relief, including, but not limited to, actual damages, punitive damages, restitution, and injunctive and declaratory relief. Am. Compl. (prayer for relief). In combination, the requested relief creates a reasonable probability that the action meets the amount-in-controversy requirement, exclusive of interest and costs.

21.    CUTPA. Plaintiff asserts that Spotify's alleged practices caused him "ascertainable loss," including "loss of counted streams; loss of discovery and algorithmic placement; loss of royalty-bearing revenue; and diversion of discovery and revenue to major-label artists." Am. Compl. ¶ 41. As a result, he seeks "actual, compensatory, statutory, and punitive damages." *Id.* (prayer for relief). "Where a plaintiff seeks punitive damages, such damages must be considered to the extent claimed in determining jurisdictional amount." *Kocienda v. U-Haul Int'l, Inc.*, 2007 WL 2572269, at *1 (D. Conn. Sept. 4, 2007); *see, e.g.*, *Parola v. Citibank (S. Dakota), N.A.*, 2011 WL 5374146, at *3 (D. Conn. Nov. 8, 2011) (even though the complaint only sought actual damages "in an amount greater than $15,000," amount in controversy satisfied because, as here, plaintiff sought "punitive damages and attorney's fees" under CUTPA); *Cronin v. Berger, Lehman Assocs., P.C.*, 2009 WL 1859078, at *3 (D. Conn. June 18, 2009) (similar).

22.    Plaintiff purports to have five artist accounts on Spotify's service, with more than "1,900 recorded songs across approximately 125 or more releases spanning multiple genres." Am. Compl. ¶¶ 9-10. Plaintiff claims that the alleged violation of CUTPA caused a significant reduction

in listening and engagement with his content. *Id.* ¶¶ 20, 33, 41-42. While Spotify believes all of Plaintiff's claims are without merit, there is a reasonable probability that the damages Plaintiff alleges, together with the punitive damages he seeks, could exceed the required amount in controversy.

23.    Declaratory and Injunctive Relief. Plaintiff also seeks declaratory and injunctive relief prohibiting Spotify "from engaging in undisclosed filtering and unfair payout thresholds," and issuance of an "order" requiring Spotify "to provide a full accounting of all filtered streams, engagement signals, algorithmic sessions, and discovery allocations affecting Plaintiff's catalog." Am. Compl. (prayer for relief).[3] He further seeks "full judicial discovery" into Spotify's data related to the purported change in the way it counts streams and user engagement. *Id.*

24.    "In actions for declaratory or injunctive relief, which are equitable in nature, the amount in controversy is measured by the value of the object of the litigation." *Washington Nat'l Ins. Co. v. OBEX Grp. LLC*, 958 F.3d 126, 135 (2d Cir. 2020).

25.    Here, the "object of the litigation" is to obtain a broad "declaratory judgment that Spotify's [alleged] filtering practices . . . constitute unfair and deceptive practices." *See* Am. Compl. (prayer for relief). And especially given Plaintiff's allegations about the extent of his repertoire, even just the requested accounting could involve a considerable undertaking. Each aspect of the injunctive relief sought thereby further supports satisfaction of the amount-in-controversy threshold.

26.    Breach of Contract and the Implied Covenant of Good Faith and Fair Dealing. Plaintiff further asserts that Spotify's alleged breach of contract and breach of the implied covenant

---

[3]    Plaintiff's allegations notwithstanding, the 1,000-stream threshold that Plaintiff challenges is the subject of clear and readily accessible disclosures—and has been for years. *See e.g.*, https://artists.spotify.com/en/blog/modernizing-our-royalty-system.

6

of good faith and fair dealing caused him "actual damages including lost royalties, lost algorithmic placement, lost listener growth, lost licensing and promotional opportunities, and impaired ability to make business and release decisions based on accurate data." Am. Compl. ¶ 53. While Plaintiff does not articulate a viable breach of contract theory, for reasons similar to those set forth in relation to Plaintiff's other claims, there is a reasonable probability that Plaintiff's "actual and compensatory damages" for losses allegedly associated with the alleged breaches could exceed the amount-in-controversy requirement, especially when accounting for the additional forms of requested relief. *See supra* ¶¶ 22-23.

27.     In sum, there is a reasonable probability that the amount of relief that Plaintiff seeks for each claim, taken together, exceeds the amount-in-controversy threshold. This is especially true given that Plaintiff seeks punitive damages, attorney's fees, and costs, in addition to actual damages.

28.     The Amended Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

29.     This Notice of Removal is being filed in the District of Connecticut, the District Court of the United States for the district and division within which the Superior Court action is pending. 28 U.S.C. §§ 1441 and 1446.

WHEREFORE, Spotify respectfully requests that this action be removed and hereinafter proceed in the United States District Court for the District of Connecticut.

Dated: July 1, 2026
     New York, New York

Respectfully Submitted,

MAYER BROWN LLP

By:  */s/ A. John P. Mancini*
A. John P. Mancini
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 506-2500
jmancini@mayerbrown.com

*Attorneys for Spotify USA Inc.*

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2026, a copy of the foregoing was sent via overnight delivery

to all counsel and pro se parties of record as follows:

Mark M. Kratter, Esq.
Law Offices of Mark M. Kratter, LLC
71 East Avenue, Suite K
Norwalk, CT 06851

/s/ A. John P. Mancini
A. John P. Mancini
Federal Bar No. CT 04975

9