# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK KRATTER,**<br>*Plaintiff,*<br>v.<br>**SPOTIFY USA INC,**<br>*Defendant* | **Civil Action No.**<br><br>**3:26-cv-01055**<br><br>**July 2, 2026** |

## AMENDED PLAINTIFF'S MOTION TO REMAND AND

## REQUEST FOR ATTORNEY'S FEES AND COSTS

Plaintiff Mark Kratter respectfully moves this Court, pursuant to 28 U.S.C. § 1447(c), to remand this action to the Connecticut Superior Court, Judicial District of Stamford, because Defendant Spotify USA Inc.'s removal is improper, frivolous, and unsupported by any objectively reasonable basis. Plaintiff further requests an award of attorney's fees and costs incurred as a result of the removal.

Although the First Amended Complaint includes state law damages claims, the primary relief sought is injunctive and equitable in nature, and Spotify has not met and cannot meet its burden to establish that the amount in controversy exceeds $75,000. Spotify's removal mischaracterizes the structure of the claims and ignores the controlling jurisdictional standards.

Respectfully submitted,


 /s/ Mark M. Kratter
**/s/ Mark M. Kratter**
Mark M. Kratter, Esq.
Law Offices of Mark M. Kratter, LLC
71 East Avenue, Suite K
Norwalk, CT 06851
Tel: (203) 853-2312
Bar No.CT13005

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK KRATTER,** <br> *Plaintiff,* <br> v. <br> **SPOTIFY USA INC,** <br> *Defendant* | **Civil Action No.** <br><br> **3:26-cv-01055** <br><br> July 2, 2026 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO REMAND AND REQUEST FOR FEES**

## I. INTRODUCTION

Spotify removed this case from Connecticut Superior Court despite the absence of any federal question and despite the fact that the **primary relief sought is injunctive and equitable, and the damages claims are ancillary and unquantified**. The removal is frivolous and appears designed solely to delay adjudication of Plaintiff's pending state-court motions for temporary injunction and expedited discovery.

## II. LEGAL STANDARD

A defendant may remove only if the federal court has original jurisdiction. 28 U.S.C. § 1441. The removing party bears the burden of establishing jurisdiction. All doubts are resolved in favor of remand. 28 U.S.C. § 1447(c).

### III. NO FEDERAL QUESTION EXISTS

Plaintiff's First Amended Complaint asserts only state-law causes of action:

• **CUTPA**

• **Unjust enrichment**

• **Declaratory judgment under Conn. Gen. Stat. § 52-29**

• **Breach of contract**

• **Breach of implied covenant**

Although the First Amended Complaint includes state-law damages claims, **none arise under federal law**. There is no federal statute, no federal constitutional claim, and no federal regulatory claim. Spotify's Notice of Removal does not identify any federal question because none exists.

### IV. PLAINTIFF SEEKS EQUITABLE PERFORMANCE, NOT MONEY

Spotify's removal rests on the false premise that Plaintiff seeks monetary damages exceeding $75,000. Plaintiff's filings, including the Motion for Temporary Injunction and Motion for Expedited Discovery, seek **primarily injunctive and equitable relief**. Although the First Amended Complaint includes state-law damages claims, those claims are **ancillary, unquantified, and insufficient to satisfy the jurisdictional threshold**. The amount-in-controversy requirement is therefore not met.

## V. DIVERSITY JURISDICTION DOES NOT APPLY

Even assuming diversity of citizenship, Spotify cannot meet its burden to show the amount in controversy exceeds $75,000. The amount in controversy must be determined from the **face of the complaint**, not speculative future damages or hypothetical monetary claims Plaintiff has not made.

Spotify's removal is therefore improper under 28 U.S.C. § 1332.

## VI. ATTORNEY'S FEES AND COSTS ARE WARRANTED

Under 28 U.S.C. § 1447(c):

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

Spotify removed a purely state law case seeking primarily equitable relief, with no federal question and no quantified monetary damages. Courts routinely award fees where removal lacks any reasonable basis. This case meets that standard.

## VII. CONCLUSION

Plaintiff respectfully requests that this Court:

1. Remand this case to the Connecticut Superior Court;

2. Award attorney's fees and costs incurred due to Spotify's frivolous removal;

3. Restore jurisdiction over Plaintiff's pending state-court motions;

4. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

**/s/ Mark M. Kratter**
**/s/ Mark M. Kratter**
Mark M. Kratter, Esq.
Law Offices of Mark M. Kratter, LLC
71 East Avenue, Suite K
Norwalk, CT 06851
Tel: (203) 853-2312
Bar No.CT13005

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK KRATTER,**<br>*Plaintiff,*<br>v.<br>**SPOTIFY USA INC,**<br>*Defendant* | Civil Action No.<br><br>**3:26-cv-01055** |

## ORDER ON PLAINTIFF'S MOTION TO REMAND

Upon consideration of Plaintiff's Motion to Remand and Request for Attorney's Fees and Costs, and for good cause shown, it is hereby ORDERED:

1. Plaintiff's Motion to Remand is **GRANTED**.

2. This action is **REMANDED** to the Connecticut Superior Court, Judicial District of Stamford.

3. Pursuant to 28 U.S.C. § 1447(c), Defendant Spotify USA Inc. shall pay Plaintiff's reasonable attorney's fees and costs incurred as a result of the removal.

4. Plaintiff shall submit a fee affidavit within fourteen (14) days.

5. The Clerk shall close this case.

SO ORDERED.

Dated: _____, 2026

United States District Judge

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **MARK KRATTER,**<br>*Plaintiff,*<br>v.<br>**SPOTIFY USA INC,**<br>*Defendant* | **Civil Action No.**<br><br>**3:26-cv-01055**<br><br>**July 2, 2026** |

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2026, a copy of the foregoing Motion to Remand, Memorandum

of Law, Proposed Order, and Affidavit was served via US First Class mail and electronic mail

upon:

> John P. Mancini, Esq. Mayer Brown LLP 1221 Avenue of the Americas New York, NY
> 10020 and JMancini@mayerbrown.com

**/s/ Mark M. Kratter**
**/s/ Mark M. Kratter**
Mark M. Kratter, Esq.
Law Offices of Mark M. Kratter, LLC
71 East Avenue, Suite K
Norwalk, CT 06851
Tel: (203) 853-2312
Bar No.CT13005

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **MARK KRATTER,**<br>*Plaintiff,*<br>v.<br>**SPOTIFY USA INC,**<br>*Defendant* | Civil Action No.<br><br>**3:26-cv-01055**<br><br>**July 2, 2026** |

### AFFIDAVIT OF MARK KRATTER

I, Mark Kratter, hereby declare under penalty of perjury:

1. I am the Plaintiff in this action.

2. I have reviewed Spotify's Notice of Removal.

3. My Complaint asserts **only state-law claims**.

4. My motions seek primarily injunctive and equitable relief. Although the First Amended Complaint includes state-law damages claims, those claims are ancillary and unquantified.

5. Spotify's removal has required me to prepare and file a Motion to Remand and supporting papers.

6. The removal is frivolous and has caused me to incur attorney's fees and costs.

7. I request an award of fees pursuant to 28 U.S.C. § 1447(c).

I declare under penalty of perjury that the foregoing is true and correct.

Dated: July 2, 2026

Respectfully submitted,

**/s/ Mark M. Kratter**
**/s/ Mark M. Kratter**
Mark M. Kratter, Esq.
Law Offices of Mark M. Kratter, LLC
71 East Avenue, Suite K
Norwalk, CT 06851
Tel: (203) 853-2312
Bar No. CT13005